IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 10-cv-02700-BNB

DEC  - 8 2010

ADRIAN GUTIEREZ MARTINEZ,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

GARY WILSON - Denver County Sheriff,
TIM DUNNING, Douglass County Sheriff, Omaha Nebraska,
THE ATTORNEY GENERAL OF THE STATE OF TEXAS/NEBRASKA,

Respondents.

_____

ORDER TO FILE AMENDED APPLICATION

_____

Applicant, Adrian Martinez, is being detained in the Denver County jail pursuant
to an arrest warrant issued by the Nebraska authorities.  He has filed *pro se* an
Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Martinez has
been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Martinez's filings liberally because he is a *pro se*
litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935
F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*
litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Mr.
Martinez will be ordered to file an Amended Application.

In the Application, Mr. Martinez purports to challenge the collateral
consequences of his November 1990 burglary convictions in a Texas district court
pursuant to a plea agreement.  Petitioner was sentenced to concurrent fifteen-year
terms, from which he was discharged in March 2004.  Application, attachment at 2.

Mr. Martinez alleges that the Texas Board of Pardons and Parole required him to register as sex offender as a condition of his release until November 4, 2004. *Id.* Applicant asserts that he has not been required to comply with any state's sex offender registration laws since November 2004. *Id.* Mr. Martinez has been in the custody of the Denver County Sheriff's Department since August 12, 2010, pursuant to an arrest warrant issued by the Douglas County, Nebraska, Sheriff's Department, for violation of the Nebraska Sex Offender Registration Act. *Id.* at 1. Mr. Martinez asserts:

> Petitioner is not necessarily attacking his criminal court convictions(s) in question in this habeas writ but in the alternative its purpose and intent is to primarily attack/challenge the Respondent's misinterpretation in Petitioner's 1990 criminal court conviction record–information in which Respondent's falsely claim exist a legitimate conviction for a felony sexual assault which requires lifetime sex offender registration and is causing the Petitioner to be illegally confined in violation of the 14th Amendment to the United States Constitution. Petitioner contends that he does not have a reportable conviction that requires registration per Texas law–in Texas or anywhere else–(e.g. Nebraska)–as the Respondent's claim.–Note: This habeas writ is intended to attack/challenge present and future illegal confinements.

Application, attachment at 3. Applicant requests that this Court issue an order declaring void the "false" information contained in his 1990 Texas criminal record. Application at 9. He also seeks release from his current confinement in the Denver County jail. *Id.*

Mr. Martinez may not challenge his expired 1990 Texas convictions and sentences because he is no longer "in custody" for the burglary convictions. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the

2

application is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S.

234, 238 (1968)). Consequently, a state prisoner cannot challenge the constitutionality

of his conviction if he has completed his sentence for the conviction at the time the

§ 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist.*

*Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the

sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a

federal habeas petition directed solely at those convictions," citing 28 U.S.C. § 2254(a)

and *Maleng*). Furthermore, the only named Respondent with arguable authority to act

on Applicant's challenge to his 1990 Texas convictions is the Texas Attorney General.

However, this Court lacks personal jurisdiction over that Respondent. *See e.g.*

*Portley-El v. Figueroa*, 373 F. App'x. 883, 885 (10th Cir. 2010) (dismissing § 2241

petition filed in Oklahoma federal district court for lack of personal jurisdiction over

petitioner's custodian, who was outside the territorial jurisdiction of the federal district

court).

If Mr. Martinez is challenging the validity of the Nebraska arrest warrant, he must

file his claim for federal habeas relief in the United States District Court for the District

of Nebraska. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484,

499 (1973) (observing that where petitioner is confined in one state, but his dispute is

with another state, "it would serve no useful purpose" to require that the action be

brought in the state where the petitioner is detained). Further, because Mr. Martinez

has not yet been convicted of a criminal violation in Nebraska, 28 U.S.C. § 2241 is the

proper vehicle for challenging the validity of his detention pursuant to the warrant. *See*

3

*Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). This Court may transfer Mr. Martinez' habeas application to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a). *See Braden*, 410 U.S. at 499 n.15. However, Applicant must demonstrate that he exhausted all available state remedies before filing a federal habeas application attacking an out-of-state warrant/detainer. *Id.* at 488-93; *see also Kearns v. Turner*, 837 F.2d 336, 338 (8th Cir. 1988). Failure to demonstrate exhaustion will result in a dismissal of the application without prejudice, rather than a transfer.

Alternatively, if Applicant claims that an action by the Denver authorities is affecting the fact or duration of his confinement in the Denver County jail, he may seek relief in this court pursuant to 28 U.S.C. § 2241. *See Yellowbear*, 525 F.3d at 924. Again, Applicant must show that he has exhausted available state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *see also Stevens v. Sheriff of El Paso County, Colorado*, 15 F. App'x 740, 742 (10th Cir. 2001) (observing that Colorado state courts entertain requests for mandamus relief from prisoners upon the proper showing, and citing cases).

Mr. Martinez will therefore be directed to file an Amended Application stating whether he is challenging the validity of the Nebraska arrest warrant, and if so, whether he has exhausted Nebraska state remedies for that claim. Mr. Martinez should also specify whether he is claiming that any action by the Denver authorities is affecting the fact or duration of his custody in the Denver County jail. Applicant should file his

4

claim(s) pursuant to 28 U.S.C. § 2241 and should indicate on his Amended Application whether he has exhausted available state remedies.  Applicant may not challenge the validity of his expired 1990 Texas convictions under 28 U.S.C. § 2254, nor is the Texas Attorney General a proper Respondent to the claim(s) Petitioner may raise under 28 U.S.C. § 2241.  Accordingly, it is

ORDERED that Mr. Martinez file **within thirty days from the date of this Order** an Amended Application on a Court-approved form.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Martinez, together with a copy of this Order, two copies of the following form to be used in filing the Amended Application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that if Mr. Martinez fails within the time allowed to file a Amended Application as directed, the action will be dismissed without further notice.

DATED December 8, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02700-BNB

Adrian Gutierez Martinez
Prisoner No.  751468
Denver County Jail
P.O. Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on December 8, 2010.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk