IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02700-BNB

ADRIAN GUTIEREZ MARTINEZ,

    Applicant,

v.

GARY WILSON - Denver County Sheriff,
TIM DUNNING, Douglass County Sheriff, Omaha Nebraska,
THE ATTORNEY GENERAL OF THE STATE OF TEXAS/NEBRASKA,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 7 2011

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

At the time of filing, Applicant, Adrian Martinez, was detained in the Denver County jail pursuant to an arrest warrant issued by Nebraska authorities. He initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Martinez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On December 8, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Martinez to file an amended application. In a minute order dated December 14, 2010, Mr. Martinez was granted an additional thirty days to file an amended application after he filed a notice of change of address with the Court. Applicant has not filed an amended application in compliance with the December 8 Order.

The Court must construe Mr. Martinez's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the application will be dismissed.

In the application, Mr. Martinez states that he was convicted of two counts of burglary in November 1990 in a Texas district court pursuant to a plea agreement. Applicant was sentenced to serve concurrent fifteen-year prison terms, from which he was discharged in March 2004. Application, attachment at 2. Mr. Martinez alleges that the Texas Board of Pardons and Parole required him to register as sex offender until November 4, 2004, as a condition of his release. *Id.* Applicant asserts that he has not been required to comply with any state's sex offender registration laws since November 2004. *Id.* Mr. Martinez complains that he was arrested by the Denver County Sheriff's Department on August 12, 2010, and detained in the Denver County jail until November 26, 2010, pursuant to an arrest warrant issued by the Sheriff's Department of Douglas County, Nebraska, for violation of the Nebraska Sex Offender Registration Act. *Id.* at 1; Doc. No. 6. Mr. Martinez asserts:

> Petitioner is not necessarily attacking his criminal court convictions(s) in question in this habeas writ but in the alternative its purpose and intent is to primarily attack/challenge the Respondent's misinterpretation in Petitioner's 1990 criminal court conviction record–information in which Respondent's falsely claim exist a legitimate conviction for a felony sexual assault which requires lifetime sex offender registration and is causing the Petitioner to be illegally confined in violation of the 14th Amendment to the United States Constitution. Petitioner contends that he does not have a reportable conviction that requires registration per Texas law–in Texas or anywhere else–(e.g. Nebraska)–as the Respondent's claim.–Note: This habeas writ is intended to attack/challenge present and future illegal confinements.

Application, attachment at 3. Applicant requests that this Court issue an order declaring void the "false" information contained in his 1990 Texas criminal record.

2

Application at 9. In the Application, Mr. Martinez also seeks release from his confinement in the Denver County jail. *Id.* However, on December 12, 2010, Mr. Martinez notified the Court that he had been extradited to Omaha, Nebraska, on November 26, 2010. (Doc. No. 6).

Mr. Martinez may not challenge his expired 1990 Texas convictions and sentences because he is no longer "in custody" for the burglary convictions. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Consequently, a state prisoner cannot challenge the constitutionality of his conviction if he has completed his sentence for the conviction at the time the § 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions," citing 28 U.S.C. § 2254(a) and *Maleng*). Furthermore, the only named Respondent with arguable authority to act on Applicant's challenge to his 1990 Texas convictions is the Texas Attorney General. However, this Court lacks personal jurisdiction over that Respondent. *See e.g. Portley-El v. Figueroa*, 373 F. App'x. 883, 885 (10th Cir. 2010) (dismissing § 2241 petition filed in Oklahoma federal district court for lack of personal jurisdiction over petitioner's custodian, who was outside the territorial jurisdiction of the federal district

court).

It is not clear to what extent Applicant is challenging the extradition proceedings. "Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus." *Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990). However, "[o]nce extradition has been granted by the governor of the asylum state, the 'grant of extradition is prima facie evidence that the constitutional and statutory requirements [for extradition] have been met.'" *Id.* (quoting *Michigan v. Doran*, 439 U.S. 282, 289 (1978)). Therefore, the scope of judicial review in extradition proceedings "is limited to whether 1) the extradition documents are facially in order, 2) the petitioner demanded is charged with a crime, 3) the petitioner is the person named in the extradition request, and 4) the petitioner demanded is a fugitive from justice." *Id.* at 416-17. Mr. Martinez does not raise any claim that falls within the limited scope of judicial review permitted in extradition proceedings. Regardless, since he has been extradited to the demanding state (Nebraska), "the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state." *Gee*, 912 F.2d at 416. Mr. Martinez must raise any arguments contesting the validity of the criminal charge pending in Nebraska in the Nebraska criminal case. *See Doran*, 439 U.S. at 290. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because

4

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 7th day of February, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02700-BNB

Adrian Gutierez Martinez
Prisoner No. 751468
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk